W. H. EICHELBERGER *v.* A. W. COOPER.

[57 South. 808.]

REFORMATION OF DEEDS. *Mistakes.   Equity jurisdiction.*

A bill in equity will lie for the reformation of a deed and to adjust the equities between the parties, where complainant charges that when he conveyed certain lands to defendant, it was agreed that complainant was not the sole owner of one of the tracts, and that he was conveying only his interest therein, that he left the preparation of the deed to defendant who was an attorney, and assumed that it would be drawn according to their agreement, but that instead the deed contained a warranty, of title as to both tracts and defendant had refused to pay the purchase price because of an alleged breach of warranty.

APPEAL from the chancery court of Scott county.

HON. SAM. WHITMAN, JR., Chancellor.

Suit by W. H. Eichelberger against A. W. Cooper. From a decree dismissing the bill, complainants appeal.

Appellant was complainant in the court below, and appellee was defendant. The case comes to the supreme court from a decree overruling complainant's demurrer to defendant's plea to the jurisdiction and dismissing the original amended bills of complaint. The pleadings disclose the following facts: On August 27, 1904, the appellant conveyed by warranty deed to appellee two. tracts of land in Scott county, Miss.; one tract containing sixteen acres and the other containing eighty-one acres. The consideration was five hundred dollars; the deed reciting that it was *paid*. At the time the deed was executed, appellee executed his note for four hundred and fifty dollars, due November 15, 1905, with ten per cent interest from date until paid. The note recites on its face that it is for the land conveyed by the said deed. The note was not paid when due and some time thereafter, to-wit, December 4, 1909, appellant filed a bill in chancery for the purpose of foreclosing his vendor's lien upon said property for the balance of the purchase money, as evidenced by said note, together with interest thereon; the bill of complaint praying that the said property should be sold and applied to the satisfaction of the indebtedness, and praying also for general relief.

Defendant answered, admitting the transaction, and entering a general denial of the allegations of the bill, and alleging that complainant had represented that he had a perfect title to the property, whereas other parties had an interest in one of the tracts of land; that defendants had subsequently sold to one Duckworth all of said property, and given him bond for title, before he discovered that there were outstanding claims against it, and that upon discovering this he had filed suit to

perfect the title, but had subsequently obtained quit-claims from the claimants; that thereafter he discovered that other parties claimed an interest in the property, and he had filed another suit to perfect the title, which was still pending; and that he had an agreement with complainant that whatever the costs of perfecting the title amounted to should be deducted from any balance due complainant by defendant. He further states that he would not be protected on his warranty until his title is perfected; that a vendor's lien was not reserved by complainant when he sold the same to the defendant; and that when the title is perfected, if anything is due complainant, it will be paid.

Thereafter, by leave of the court, complainant, who avers that he had just been advised that the property had been conveyed away by the defendant, filed an amended bill, stating that it was understood between him and the defendant that complainant was not the sole owner of the smaller of the tracts of land, certain of his relatives having an undivided interest therein, and that he only conveyed his interest in said smaller tract, and that he had left the preparation of the deed to the defendant, who was an attorney, and assumed that it was drawn in accordance with their agreement, and prayed for a reformation of the instrument, and for a sale of the property to satisfy his lien.

To this amended bill the defendant filed a plea to the jurisdiction, setting up the fact that he had no interest in the land, having conveyed same to Duckworth, who was an innocent purchaser for value, without notice that the title was not perfect, and that the chancery court is without jurisdiction to render any decree in said cause affecting said land; that whatever right of action complainant might have is exclusively cognizable in a court of common law jurisdiction.

To this plea complainant demurred on the grounds: (1) That the plea stated no complete defense; (2) that,

since the bill asks for reformation of the contract, equity has original jurisdiction; (3) that when jurisdiction is obtained for one purpose, it will be retained for complete relief; (4) that the plea does not deny that complainant is entitled at least to a portion of the relief prayed for.

Issue was joined, and on the hearing the chancellor overruled the demurrer, sustaining the plea, and dismissing the bills.

*Watkins & Watkins,* for appellant.

We respectfully submit that an examination of the pleadings in this case and the allegations therein, in connection with the rules of law established by the courts makes evident the following:

First, that the defendant's plea to the jurisdiction is insufficient in law, and did not justify the dismissal of the original and amended bills of complaint, by decree of the chancellor.

Second, that notwithstanding the allegations of said plea, the complainant has shown that he had not an adequate remedy at law for the recovery of the purchase money, without first obtaining reformation in a court of equity as a preliminary thereto and that intervention of a court of equity is made necessary by reason of defenses interposed by the defendant; and that upon this ground complainant is entitled to the relief asked in his bill of complaint, and the chancellor erred in dismissing his said bill of complaint.

Third, that, notwithstanding the allegations contained in the said plea to the jurisdiction, the pleadings show a mistake on his part and fraud or inequitable conduct on the part of the defendant which places this case unquestionably within the exclusive jurisdiction of a court of equity, for the reason. that reformation of the instrument must be had in order that the rights of the complainant may be protected, and the danger of action at

law for breach of warranty covenant in the deed, to which he would have no defense, avoided; and that the chancellor erred in ordering the dismissal of the said bills of complaint.

We respectfully submit that this case should be reversed upon the chancellor's decree, and the complainant given opportunity to prove the facts alleged in his original and amended bills of complaint. Story, Eq. Pl., par. 658-662; *Cheney* v. *Patton,* 134 Ill. 422, 25 N. E. 792; *Foster et al.* v. *Winchester,* 9 So. 83; Puterbaugh, "Chancery Pleading and Practice, pp. 98-99 (5th Ed.), 31 So. 3, 34 Cyc. 907; *Cummings* v. *Steele,* 54 Miss. 647; *Hitches* v. *Pettingill,* 58 N. H. 3; *Albany City Sav. Ins.* v. *Burdick,* 87 N. Y. 40; *Martin* v. *Hempstead Co. Levee Dist.,* 135 S. W. 453; *Trusdell* v. *Lehman et al.,* 47 N. J. Eq., 218 and *Bush* v. *Merriman,* 87 Mich. 260; *Cooke* v. *Nathan,* 16 Bark. (N. Y.) 342; *Hand* v. *Cox,* 51 So. 519; *Elder* v. *Nat. Bank,* 43 S. W. 19, 62 Tex. 695, 31 S. E. 972; *Peques* v. *Mosby et al.,* 7 S. & M. (Miss.) 346 and 347; *Edwards* v. *Clark,* 10 L. R. A. 659.

*Robert L. Bullard,* for appellee.

There is, as we think but one of the several points raised by appellant in his assignment of error and brief that demands serious consideration, if that does. That is that appellant is entitled to a reformation of the deed by him to the appellee, and therefore, having jurisdiction of the case for that purpose, the court has jurisdiction to grant the full relief prayed for and give him a personal judgment on the note, even though it is conceded that no decree could be rendered by the court under the pleadings in this case that would operate in any way against the land for part of the purchase money of which the note was given. The plea avers with precision that before the bill was filed the land had been sold for a valuable cash consideration to third parties who hold it without any notice, actual or constructive,

of any equity existing between complainant and respondent. These vendors of the respondent are not made parties to the bill, and if they were, the deed could not be reformed as against them. See, *Goodbear* v. *Dunn,* 61 Miss. 618; *Nugent* v. *Kilpatrick,* 61 Miss. 61; *Kilpatrick* v. *Kilpatrick,* 1. C. 124.

Neither can a vendor's lien be asserted against property in the hands of innocent purchasers without notice.

This being true the court below was powerless to reform the deed in question so as to affect the interest of the present holders of the land, or to enforce a vendor's lien against it. Therefore, there is no relief prayed for in the bill that the court could render except against the defendant on his promissory note, and of this the court has no jurisdiction except only as an incident in the administration of some independent equitable relief.

But appellant says that this independent relief, is the reformttion of the deed from Eichelberger to Cooper. The sufficient answer to this is, that a court of equity will not reform a written instrument, or entertain a bill for that purpose, unless it is necessary to some relief sought in that or some other court. In other words it will not do a useless thing that will not in any way benefit or affect the right of any party to the litigation. The court will only exercise this jurisdiction where it is necessary to the assertion of some primary right. This is elementary but see, Pomeroy Equity Jurisprudence, secs. 1375-1377.

Whitfield, C.

The chancery court had jurisdiction, in the case made by this record, to reform the deed between Eichelberger and Cooper, if the proof warranted any reformation, and then to adjust the equities between the parties, and enter a decree for the one or the other, as the evidence might

warrant, on the matters growing out of the warranty on the one hand and the costs to Cooper of getting in the outstanding claims on the other.

PER CURIAM.  The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the decree is reversed and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed and remanded.*